IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-374 |
| | ) | |
| JAMES HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

Pending before the court is a renewed motion for early termination of supervised release filed pro se by defendant James Hill ("Hill") (ECF No. 1517).  The government filed a response in opposition to the motion (ECF No. 1519) and it is ripe for decision.

Hill argues that he is entitled to early termination of his 10-year-term of supervised release because he is now in full compliance with the conditions of supervised release, although he acknowledges his first motion for early termination was denied (in part) because he tested positive for marijuana.  Hill reports that he is undergoing counseling, at his own expense, to address the difficulties he faces after release from prison, has never missed a meeting with his probation officer, and asserts that drug tests at his jobsite are embarrassing and demoralizing. Hill notes that he was denied the opportunity to partake in a family reunion cruise in the Bahamas, which he attributes to lack of communication by the probation office.

The government opposes early termination of supervision.  The government argues, among other things, that early termination of Hill's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a).  The government notes that Hill committed a serious drug offense, has an extensive criminal history, as outlined in

the presentence report (ECF No. 853), and was classified as a career offender.  The government

also observes that Hill received several significant benefits in his plea agreement, which make

further reduction of his sentence unwarranted.  Specifically, Hill was permitted to plead to a

lesser included offense that did not carry a statutory mandatory minimum term of imprisonment;

the government stipulated to the amount of cocaine attributable to Hill; and the government

agreed to not file a § 851 Information about either of Hill's two prior felony drug convictions as

a basis for increased punishment.  The government points to Hill's prior extensive marijuana use

and argues that continuing supervision (including random drug tests and reporting) is helping to

keep Hill from backsliding.  The government contends that there have been no material

developments since the court denied Hill's first motion for early termination of supervised

release.  *See* Opinion and Order dated February 16, 2022 (ECF Nos. 1403, 1404).

The court largely agrees with the government.  Other than the passage of time, Hill has

not pointed to any circumstance that changes this court's weighing of the § 3553 factors.  The

court incorporates the discussion of those factors as set forth in its prior opinion.  The court notes

that subsequent to that opinion, there was another report of marijuana use by Brooks on April 27,

2022 (ECF No. 1415).

## II.    Procedural History

On April 4, 2012, Hill pleaded guilty to a lesser included offense at count 1 of the

indictment, conspiracy to distribute and possess with intent to distribute less than 500 grams of

cocaine, in violation of 21 U.S.C. § 846. On March 8, 2013, the court sentenced Hill to a term of

imprisonment of 60 months, to be followed by 10 years of supervised release.  The term of

imprisonment reflected a significant downward variance from the advisory guideline range of

168-210 months.  Based on his prior convictions, Hill would have been in criminal history

category IV. Hill was placed in criminal history category VI because he was classified as a

career offender.  In imposing sentence, the court observed that the sentence, including the 10-

year term of supervised release, affords adequate deterrence to criminal conduct and protects the

public from further crimes by Hill.

On September 19, 2017, Hill was released from incarceration and commenced his 10-

year term of supervised release. He has now served approximately 7 ½ years of his term of

supervised release.

### III.    Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of

supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d

Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section
> 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and
> (a)(7)—
>
> (1) terminate a term of supervised release and discharge the
>     defendant released at any time after the expiration of one year
>     of supervised release, pursuant to the provisions of the Federal
>     Rules of Criminal Procedure relating to the modification of
>     probation, if it is satisfied that such action is warranted by the
>     conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district

---

[1]     Supervised release "serves an entirely different purpose than the sentence imposed under
§ 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative
ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59
(2000).

court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Hill's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Hill has an extensive criminal history and was part of a large cocaine and crack distribution conspiracy, although he pleaded to a lesser included offense. The offense of conviction was serious because it involved a significant amount of cocaine, which has devastating effects on the community. Based upon the representations by Hill in his current and previous motion, he has done well in business and in his community while on supervised release. On the other hand, as reflected by the reports of the probation officer, he has violated the conditions of his release on at least 3 occasions. Under those circumstances, despite the laudable progress Hill has made since his release from imprisonment, a 10-year term of supervised release remains the appropriate sentence in this case.

---

[2]    The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

In imposing sentence, the court noted that 10 years of supervised release was important to provide deterrence and protect the public from future crimes by Hill. Hill has served about 70% of the term of supervised release imposed by the court. In light of the serious nature of Hill's criminal conduct and his extensive criminal history, including other felony drug convictions, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 10-year term of supervised release is still warranted to deter criminal conduct and protect the public.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

The statutory mandatory minimum term of supervised release is 3 years and the statutory maximum is life. The applicable guideline range for a term of supervised release was 3 years. U.S.S.G. § 5D1.2(b) (1995). As noted above, the court granted a significant downward variance in Hill's term of imprisonment and imposed a term of supervised release above the low end of the guidelines. This factor does not favor early termination of Hill's supervision.

> 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

6

The court imposed a 10-year term of supervised release in connection with a downward variance in Hill's prison term in the original sentence. Early termination of the term of supervision may create an unwarranted sentencing disparity between Hill and other defendants with similar records who have been found guilty of similar conduct. This factor does not favor early termination of supervision.

>    6. **The need to provide restitution to any victims of the offense, § 3553(a)(7).**

There are many victims of drug-trafficking offenses. The law, however, does not provide for restitution for Hill's crime. This factor is neutral.

### C. Whether early termination is warranted and in the interest of justice

Hill asserts that since his release from incarceration he is succeeding economically and in the community and has remained "crime free." The court applauds Hill for seeking counseling to address his transition back into society and is aware that his last reported violations of the conditions of his supervised release was in 2022. The court encourages Hill to continue his drug-free and law-abiding lifestyle.

Compliance with the conditions of supervision, including refraining from use of marijuana, is *required* behavior while serving a term of supervised release. United States v. Griffin, No. CR 21-385-6, 2021 WL 5917185, at *2 (W.D. Pa. Dec. 14, 2021) ("a defendant who is under federal court supervision may not use marijuana pursuant to a prescription issued in compliance with a state law."). In addition, the fact of Hill's compliance with the other conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

7

Hill's conduct and desire to better himself are commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime, his former extensive marijuana use, his continued marijuana use while on supervision, and the need to deter criminal conduct, the interest of justice is best served by Hill completing his 10-year-term of supervised release.

Hill did not articulate any specific hardship posed by his current conditions of supervision. As the court explained in its prior opinion, if revisions of his conditions become necessary, for instance to accommodate his work, Hill should communicate with his probation officer to resolve that issue. Hill did not identify any specific hardships in his current motion.

**IV.    Conclusion**

Based upon the foregoing, the court will deny the renewed motion for early termination of supervised release (ECF No. 1517) without prejudice. In the event Hill's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: January 22, 2025

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge